UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN THOMAS ENTLER,<br><br>                    Plaintiff,<br><br>        v.<br><br>JASON WENDT, et al.<br><br>                    Defendants. | CASE NO. C12-963 MJP<br><br>ORDER GRANTING MOTION TO REVOKE IN FORMA PAUPERIS STATUS |

THIS MATTER comes before the Court on Defendants' motion to revoke Plaintiff's in forma pauperis status. (Dkt. No. 33.) The Court considered the motion, Plaintiff's response (Dkt. No. 36), Defendants' reply (Dkt. No. 37) and all related documents. The Court GRANTS the motion and REVOKES Plaintiff's in forma pauperis status. Plaintiff is directed to pay the filing fee within 21 days of this Order or this case will be dismissed. The pending objections to the Report and Recommendation in this case (Dkt. No. 32) are STAYED until the filing fee is paid. Plaintiff's motion for additional briefing (Dkt. No. 39) and Defendants' motion for an extension of time to respond to the objections (Dkt. No. 34) are DENIED as moot.

ORDER GRANTING MOTION TO REVOKE IN
FORMA PAUPERIS STATUS- 1

**Background**

Plaintiff John Thomas Entler entered a motion to file a proposed 42 U.S.C. §1983 civil rights complaint alleging violations of his First Amendment rights in forma pauperis ("IFP") on June 5, 2012. (Dkt. No. 1.) The motion for IFP status was granted on June 6, 2012 by the Honorable Magistrate Judge Brian A. Tsuchida. (Dkt. No. 5.) Defendants submitted a motion for summary judgment on December 5, 2012. (Dkt. No. 21.) The motion was fully briefed and a Report and Recommendation was issued by Magistrate Judge Tsuchida on March 5, 2013. (Dkt. No. 27.) Plaintiff submitted objections to the Report and Recommendation. (Dkt. No. 32.)

On May 5, 2013, Defendants submitted a motion to stay proceedings pending redetermination of Plaintiff's IFP status and asking to revoke Plaintiff's IFP status. (Dkt. No. 33.) Defendants argue Plaintiff's initial application for IFP status did not address his previous litigation and missed the fact he had three "strikes" for purposes of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §1915(g). Defendants present the case Entler v. Vail, No. C08-5697 FDB/JRC (W.D. Wash.), which was dismissed with prejudice for failure to state a claim by Judge Franklin D. Burgess in 2009. (Dkt. No. 33-1 at 2.) Entler appealed the decision and the 9th Circuit affirmed, noting the district court "properly entered a strike against Entler under the Prison Litigation Reform Act." Defendants argue this counts as the first strike against Entler. (Dkt. No. 33 at 2.)

Defendants also present the case Entler v. Van Deren, No. C10-5390 BHS (W.D. Wash.), decided October 1, 2010. (Dkt. No. 33 at 3.) In Entler v. Van Deren, Entler applied for IFP status, and IFP status was denied and the claims were dismissed without prejudice by Judge Benjamin H. Settle because the claims were frivolous and could not proceed. (Dkt. No. 33-1 at 12.) Entler appealed this case to the 9th Circuit, once again seeking IFP status. (Dkt. No. 33-1 at

1  14.) The IFP request was denied by the 9th Circuit because the appeal was found frivolous. (Id.)

2  Entler was ordered to pay a filing fee to proceed, and when he did not the appeal was dismissed.

3  (Id. at 17.) Defendants argue these dismissals count as two strikes against Entler. (Dkt. No. 33 at

4  3.) Entler's response does not address whether his previously dismissed actions count as strikes.

5  (Dkt. No. 36.) Instead, Entler asks the Court to reject Defendants' motion to revoke IFP status on

6  the grounds the Prison Litigation Reform Act "violates the doctrine of Separation of Powers."

7  (Id. at 1.)

### Discussion/Analysis

Plaintiff's IFP status must be revoked because he has three strikes under §1915(g) of the Prison Litigation Reform Act. The Act says, in pertinent part:

> "In no event shall a prisoner bring a civil action… [in forma pauperis] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

28 U.S.C. §1915(g). This section is known as the "three strikes" rule of the PLRA. Rodriguez v. Cook, 169 F.3d 1176, 1181 (9th Cir. 1999). When a defendant challenges a prisoner's right to litigate IFP, the defendant must produce sufficient evidence to make a prima facie case §1915(g) bars IFP status. Andrews v. King, 398 F.3d 1113, 1116 (9th Cir. 2005). Once this showing is made, the burden shifts to the plaintiff to show §1915(g) does not apply. Id.

The PLRA, and in particular the three strikes rule, has been upheld as Constitutional by the 9th Circuit. Rodriguez, 169 F.3d at 1181. The three strikes rule has been specifically found not to offend the separation of powers. Id. at 1182.  Entler's argument that §1915(g) is invalid is without merit. Only the application of the rule to Entler's previously dismissed cases is at issue.

1     The 9th Circuit does not distinguish, for purposes of strikes, between dismissals with or without prejudice or "between actions dismissed 'on the merits' and actions dismissed pursuant to the PLRA's screening provisions." O'Neal v. Price, 531 F.3d 1146, 1154-55 (9th Cir. 2008). In O'Neal, the 9th Circuit rejected the argument that filing an IFP application is distinguishable from initiating an action, and held where an IFP application is rejected pursuant to the screening provisions of §1915(g) and the case is dismissed, such a dismissal may count as a "strike." Id. at 1155. Appeals count as separate strikes under §1915(g) if they are dismissed on grounds stated in §1915(g), such as frivolousness. Jennings v. Natrona County Detention Ctr. Med. Facility, 175 F.3d 775, 781 (10th Cir. 1999). Conversely, where an appellate decision merely affirms a district court decision dismissing a case for one of the §1915(g) reasons it is not considered a separate strike. Thompson v. DEA, 492 F.3d 428, 436 (D.C. Cir. 2007).

    Entler has three strikes under §1915(g). His first case, Entler v. Vail, was dismissed as frivolous and resulted in a strike. (Dkt. No. 33 at 2.) The second case, Entler v. Van Deren, received one strike at the district court level where IFP was denied and the case was dismissed because the claim was frivolous, and another strike at the appellate level where IFP was denied because the appeal was frivolous and the case was dismissed for failure to pay the filing fee. (Dkt. No. 33-1 at 12, 14.) Each of these dismissals were final before the filing of the Complaint in this case. Pursuant to §1915(g) of the PLRA, Plaintiff's IFP status must be revoked.

## Conclusion

    Because Plaintiff has three strikes under the Prison Litigation Reform Act §1915(g), he cannot proceed in forma pauperis. Defendants' motion is GRANTED and Plaintiff's in forma pauperis status is revoked. Plaintiff has 21 days from this Order to pay the filing fee or this case will be dismissed without prejudice. The pending objections to the Report and Recommendation

in this case (Dkt. No. 32) are STAYED for 30 days for Plaintiff to pay the filing fee. If the filing fee is not paid within this time the case will be dismissed. Plaintiff's motion for additional briefing (Dkt. No 39) and Defendants' motion for an extension of time to respond to the objections (Dkt. No. 34) are DENIED as moot.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 3rd day of June, 2013.

Marsha J. Pechman
Chief United States District Judge

ORDER GRANTING MOTION TO REVOKE IN
FORMA PAUPERIS STATUS- 5